UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

JANICE M. BUSCHMAN,

        Plaintiff,              CIV. S-04-1984 PAN

     v.

JO ANNE B. BARNHART,            Memorandum of Decision
Commissioner of Social
Security,

        Defendants.

—oOo—

Pursuant to 42 U.S.C. § 405(g), plaintiff requests this court review defendant's decision denying plaintiff disability benefits.

If eligible, to qualify for benefits a claimant must establish inability to engage in "substantial gainful activity" because of a "medically determinable physical or mental impairment" that "has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. §

423(d)(1)(A).  Defendant bases her decision upon a five-step analysis.  First, the claimant must not currently be working.  20 C.F.R. § 404.1520(b).  Second, the claimant must have a "severe" impairment.  20 C.F.R. § 404.1520(c).  Third, the medical evidence of the claimant's impairment is compared to a list of impairments that are presumed severe enough to preclude work; if the claimant's impairment meets or equals one of the listed impairments, benefits are awarded.  20 C.F.R. § 404.1520(d).  Fourth, if the claimant can do his past work benefits are denied.  20 C.F.R. § 404.1520(e).  Fifth, if the claimant cannot do his past work and, considering the claimant's age, education, work experience, and residual functional capacity, cannot do other work that exists in the national economy, benefits are awarded.  20 C.F.R. § 404.1520(f).

Defendant found plaintiff was eligible, suffered from severe fibromyalgia but no listed impairment, that she can no longer perform her past work as a "process operator" but retains the capacity for the full range of light work, and considering she was 46 years of age and had the equivalent of a high school education, the medical-vocational guidelines required a finding she is not disabled.  Tr. 406-10.

This court must uphold the Secretary's determination that a plaintiff is not disabled if the Commissioner applied the proper legal standards and if the Secretary's findings are supported by substantial evidence.  <u>Sanchez v. Secretary of Health and Human Services</u>, 812 F.2d 509, 510 (9th Cir. 1987).

2

The question is one of law.  <u>Gonzalez v. Sullivan</u>, 914 F.2d 1197, 1200 (9th Cir. 1990).  Substantial evidence means more than a mere scintilla, <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971), but less than a preponderance.  <u>Bates v. Sullivan</u>, 894 F.2d 1059, 1061 (9th Cir. 1990).  It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. <u>Richardson</u>, 402 U.S. at 401.  The court cannot affirm the Commissioner simply by isolating supporting evidence but must consider the entire record, weighing evidence that undermines as well as evidence that supports the Secretary's decision. <u>Gonzalez v. Sullivan</u>, 914 F.2d at 1200.  If substantial evidence supports administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive, <u>Sprague v. Bowen</u>, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if the proper legal standards were not applied in weighing the evidence.  <u>Burkhart v. Bowen</u>, 856 F.2d 1335, 1338 (9th Cir. 1988).

Plaintiff claims defendant erroneously rejected the opinion of plaintiff's treating physician, ignored other medical evidence, failed to consider SSR 99-2p, and erroneously rejected plaintiff's testimony about the limits imposed by pain.

Defendant found plaintiff suffers from severe fibromyalgia, a condition characterized by widespread pain in joints, muscles, tendons, and other soft tissues and commonly linked with fatigue, morning stiffness, sleep problems,

headaches, numbness in the hands and feet, depression, and anxiety.  She was treated for ten years by L. James Fisher, M.D. who in June 2001 reported that plaintiff was severely impaired by the classic signs and symptoms of the disease.  Tr. 377-80.  The administrative law judge found that Dr. Fisher's assessment was not credible because, for instance, Dr. Fisher noted in March 1996 that plaintiff was "feeling stronger," her right knee pain was not explained by an MRI, that in August 1998 she was free of chest pain, etc.  Tr. 46.

The opinion of a treating physician is entitled to deference because "he is employed to cure and has a greater opportunity to know and observe the patient as an individual." Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987) (citations omitted).  It is not necessarily conclusive but defendant may reject it only after giving "specific, legitimate reasons for doing so that are based on substantial evidence in the record." Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989) (quoting Sprague, 812 F.2d at 1230).

The reasons given by defendant for rejecting Dr. Fisher's opinion amount to no more than a makeweight list of 15 spurious reasons for rejecting the best evidence in the record--evidence that compels an award of benefits.

The decision is reversed with instructions to award benefits.  See Distasio v. Shalala, 47 F.3d 348 (9th Cir. 1995) (court has discretion to award benefits when the record is fully

developed and there are no outstanding issues to be resolved).

Dated:  May 23, 2005.

                              /s/ Peter A. Nowinski
                              PETER A. NOWINSKI
                              Magistrate Judge