IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANICE M. BUSCHMANN,

    Plaintiff,                    No. CIV S-04-1984 PAN

    vs.

JO ANNE B. BARNHART,
Commissioner of Social Security,      ORDER

    Defendant.

_____/

        Based on 42 U.S.C. § 406(b), counsel for plaintiff in the above-entitled action seeks an award of attorney fees in the amount of $16,456.00 for 34.7 hours of professional time devoted to the representation of plaintiff before this court. This sum represents 25% of the total $65,824.00 award of benefits to plaintiff herein. (See May 30, 2006 Corrected Award Notice.) Defendant states this amount should be offset in the amount of $4,600.00, which represents the fee awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412 et seq., ("EAJA"), in this action on August 15, 2005. Plaintiff's counsel concedes that the § 406 fee award should be offset in the amount of $4,600.00.[1]

---

[1] Plaintiff also states the previous $3,500.00 EAJA award granted in plaintiff's first district court case, CIV S-03-0923 GGH, should also be offset herein. Defendant counters plaintiff is not required to offset the prior EAJA award from any attorneys fee award ordered in

1

1     42 U.S.C. § 406(b)(1)(A) provides, in relevant part:

2     Whenever a court renders a judgment favorable to a claimant under
      this subchapter who was represented before the court by an
3     attorney, the court may determine and allow as part of its judgment
      a reasonable fee for such representation, not in excess of 25 percent
4     of the total of the past-due benefits to which the claimant is entitled
      by reason of such judgment.

5  Id.

6  Rather than being paid by the government, fees under the Social Security Act are awarded out of

7  the claimant's disability benefits. Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir. 1991),

8  receded from on other grounds, Sorenson v. Mink, 239 F.3d 1140, 1149 (9th Cir. 2001).

9  However, the 25 percent statutory maximum fee is not an automatic entitlement; the court also

10 must ensure that the requested fee is reasonable. Gisbrecht v. Barnhart, 535 U.S. 789, 808-09

11 (2002) ("We hold that § 406(b) does not displace contingent-fee agreements within the statutory

12 ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those

13 agreements."). "Within the 25 percent boundary . . . the attorney for the successful claimant must

14 show that the fee sought is reasonable for the services rendered." Id. at 807.

15         Counsel seeks fees for 34.7 hours incurred in the present action. Based on the

16 34.7 hours, the hourly rate sought is $474.24 ($16,456 / 34.7 = $474.24.) However, counsel asks

17 the court to consider the additional 28.2 hours he spent in the first federal action, CIV S-03-0923

18 GGH, which would effectively reduce the hourly rate to $261.62 (16,456.00 / 62.9 hours =

19 $261.62).

20         The inclusion of the hours spent on the first case properly reflects the total effort

21 needed to achieve the result sought by plaintiff, and the total amount of hours expended were

22 _____

23 this case under § 406. The previous court action was voluntarily remanded to the agency under
   sentence four of 42 U.S.C. § 405(g) for further proceedings, including a new decision. See CIV
24 S-03-0923 GGH (A court may take judicial notice of court records. See MGIC Indem. Co. v.
   Weisman, 803 F.2d 500, 505 (9th Cir. 1986).) This court finds that plaintiff is not required to
25 offset any EAJA award ordered in the first action because the prior action was separate and
   distinct from the instant action, and it was remanded for a new hearing and new decision.
26 Plaintiff did not receive a fee award under § 406 in the prior case so no offset is required.

1  reasonable, thus the fee of $261.62 was reasonable.  For what it is worth, based on the quality of

2  counsel's representation and the results achieved in this case, the undersigned would find the

3  hourly rate of $474.24 also reasonable.  Plaintiff's disability claim was denied at several levels of

4  agency review prior to plaintiff's second return to federal court.  Counsel was not responsible for

5  the delay and proceeded at risk of loss at various times during this litigation.  Counsel has

6  practiced Social Security law for thirty years.  In addition to the past-due benefits, plaintiff won

7  Title II benefits until she dies, reaches retirement age, or becomes no longer disabled, and also

8  has the value of health care benefits.  The $474.24 hourly rate would not represent a windfall.

   Moreover, in light of Gisbricht v. Barnhart, 535 U.S. 789 (2002), courts have deferred more readily to the terms of contingency fee contracts in § 406(b) cases.  Hearn v. Barnhart, 262 F.Supp.2d 1033 (9th Cir. 2003)(counsel awarded fees of $25,132.50 equating to $450.00 per hour).  The Hearn court surveyed cases:

> Dodson, 2002 WL 31927589 (granting fee award of $5,000, equating to $694.44 per hour); Hussar-Nelson v. Barnhart, 2002 WL 31664488 (N.D.Ill.2002) (awarding fee of $19,425.25, representing 25% of past due benefits, equivalent to approximately $393 per hour); Martin v. Barnhart, 225 F.Supp.2d 704 (W.D.Va.2002) (awarding $10,189.50 for 16.82 hours of court-related work which represented over $605 per hour); Thompson v. Barnhart, 240 F.Supp.2d 562 (W.D.Va.2003) (awarding fee of $9,447.25, representing 25% of past due benefits, and equating to a hypothetical rate of $187.55 per hour for work done before both the court and Commission). . . .

Hearn, 262 F.Supp.2d at 1037.  "The courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss."  Id.

   In light of the above, the undersigned will grant the motion for attorney fees, and order that the fee award be offset by the $4,600.00 EAJA fee previously awarded in the instant action.

/////

/////

3

1  Accordingly, IT IS HEREBY ORDERED that plaintiff's counsel is awarded
2  $16,456.00 in attorney fees pursuant to 28 U.S.C. § 406, to be offset in the amount of $4,600.00
3  previously awarded under EAJA.
4  DATED: July 25, 2006.

UNITED STATES MAGISTRATE JUDGE

/001; buschmann.406